WOOD *v.* CITY OF CRAWFORDSVILLE

[No. 28,588. Filed October 5, 1949.]

*Beecher Young*, of Crawfordsville, for appellant.

*Raymond O. Evans*, of Crawfordsville, for appellee.

STARR, J.—This action involves the construction of the following provision of the Acts of 1945, ch. 255, § 1, p. 1174; Burns' 1933 (1947 Supp.), § 48-6172.

"The annual salaries of the chief . . . of the fire department in the cities of the first, second, third, fourth and fifth classes shall be fixed and established in the manner as now provided by law: Provided, however, . . . in cities of the fourth class the minimum salaries of the chief . . . of the fire department shall not be less than three thousand ($3000) dollars per annum."

This act contained an emergency clause and became effective March 7, 1945.

The substantial allegations of appellant's complaint are as follows: That he was the duly appointed and acting full time chief of the fire department in the City of Crawfordsville (a city of the fourth class) for the entire year of 1945; that he was paid therefor the sum of $195 per month for the entire year, and that he received no other compensation; that due to said facts the appellee is indebted to him in the sum of $537.48,

this amount being the difference in his favor between the amount actually paid him for his services from March 8, 1945, until January 1, 1946, and the amount of his salary as fixed by the above statute for this period; that demand has been made for the amount owing which has been refused; and for which judgment is prayed.

Appellee filed its demurrer to this complaint on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was sustained, appellant refused to plead further and judgment was rendered against him from which this appeal was taken.

Appellant has assigned as error the sustaining of this demurrer. Appellant's sole contention is that § 48-6172 automatically fixed his salary beginning on the date that this statute became a law and that from said date his pay should have been at the rate of $3000 per year.

It will be noted that in the enacting clause of the above statute it is provided that the annual salaries of the chiefs of the fire departments of fourth class cities shall be *"fixed and established in the manner as now provided by law."* At the time of the enactment of this statute salaries such as that of the appellant were and still are fixed and established by Burns' 1933 (1947 Supp.), § 48-1222, which provides that such salaries shall be fixed by the mayor subject to the approval of the common council, which may reduce but not raise the salary so fixed. This statute further provides that such salaries shall be fixed on or before the time provided by law for the adoption by cities of their annual budget for the next calendar year. The time provided for the adoption of the annual budget by cities is the last Monday in August of each year. Burns' 1933 (1947 Supp.), § 48-6733.

That part of § 48-6172 which provides that appellant's

salary shall not be less than three thousand ($3000) dollars per year is merely a proviso appended to the enacting portion thereof. As such it should be confined in its application to what precedes it and of which it is a qualifying part unless it is clear the legislature intended a broader application. 50 Am. Jur., Statutes, § 438, p. 459. There is nothing in this statute which would indicate that this proviso should apply to any portion of the same other than what precedes it. This statute did not fix the salary of appellant nor did it change the time or manner of fixing the salaries of offices such as held by the appellant. It did not in any way amend said § 48-1222. Reading these two sections together it is clear to us that the legislature merely said to the cities of Indiana . . . continue to fix the salaries of the chiefs of your police and fire department at the time and in the manner as you are now doing, except that hereafter you must not fix such salaries at less than a specified amount depending on your classification. It is our conclusion that these two acts must be harmonized and construed together and that by them the legislature did not intend that the minimum salaries specified for the office here mentioned should become effective until the following year. To decide otherwise would be to hold a salary in force several months before the law required that it be fixed.

It might be urged that our construction of § 48-6172 renders the emergency clause of same meaningless. We judicially know, however, that without its emergency clause this Act would not have become effective until long after the expiration of the period when salaries could be fixed for the following year. In our opinion the emergency clause was intended to avoid this contingency and to prevent the possibility

that the minimum salary might not become effective until 1947.

Judgment affirmed.

Emmert, J. concurs in the result.

NOTE.—Reported in 87 N. E. 2d 817.